UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

FILED BY _____ D.C.
2000 MAR -7 PH 2:52
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA - MIA

JEREMY LOCKHART,
Petitioner.

VS.

MICHAEL W. MOORE,
Respondent.

CASE NO. 00-6150-CIV-
DIMITROULEAS
MAGISTRATE JUDGE SORRENTINO

_____/

## MOTION FOR LEAVE TO AMEND 28 U.S.C. § 2254 HABEAS CORPUS PETITION

NOW INTO COURT comes <u>Jeremy Lockhart</u>, the petitioner, through pro-se representation and respectfully moves this Honorable Court for leave to file an amendment to his 28 U.S.C. § 2254 Habeas Corpus petition, pursuant to Federal Rules of Civil Procedure Rule 15(A). Leave to amend shall be freely given when justice so requires.

A memorandum brief in support of this motion is made part of this motion by reference herein.

RESPECTFULLY SUBMITTED.

_Jeremy Lockhart_
JEREMY LOCKHART, PRO SE.

3-2-00
(date)

(1)



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Jeremy Lockhart
    Petitioner,

v.

Michael W. Moore
    Respondent,

CASE NO: 00-6150-CIV-
DIMITROULEAS

MAGISTRATE Judge
SORRENTINO

_____/

Memorandum Brief In Support of Motion
For Leave To Amend. 28 USC § 2254 HABEAS CORPUS.

Jeremy Lockhart, Pro Se.

(1)

# TABLE of CONTENTS

PAGES

Table of Contents ............................... 2

Authorities Cited ............................... 2

State of Facts .................................. 3

Argument and Authorities ........................ 4-6

Conclusion ...................................... 7

~~Certificate of Service~~ ...........................

## CASES — AUTHORITIES CITED — PAGES

Holiday v. Johnson, 313 U.S. 342, 350 (1941) ........ 5

Willis v. Collins, 989 F.2d 182, 189 (5th Cir. 1993) .. 6

Withrow v. Williams, 113 S.Ct. 1745, 1755-56 (1993) ... 5, 6

Sanders v. United States, 373 U.S. 1, 10 L.Ed.2d 148, 83 S.Ct. 1068 (1963) ............................ 6

# STATE OF THE FACTS

Petitioner in his present 28 U.S.C. § 2254 writ of habeas corpus motion filed January 27, 2000. Accidentally errored by failing to present the following dates (if known), motions, ruling or/and opinions or mandate.

(1) Petition to invoke Jurisdiction, in the Supreme Court of Florida, on the denial of writ of habeas corpus, on ineffective assistance of Appellate counsel, denied for lack of Jurisdiction. Date of denial unknown.

(2) Appeal of 3.850 post conviction relief motion to the Fourth District Court of Appeal, October 14, 1998, per curiam/Affirmed December 16, 1998.

(3) Petition to invoke Jurisdiction on denial of 3.850 post conviction relief motion, in the Supreme Court of Florida. Denied for lack of Jurisdiction. Date unknown.

(4) Supreme Court of Florida issue mandate and opinion. date unknown.

(3)

## Argument and Authorities

It is the petitioner belief that by the following conditions has held contribute to the accidentally error made on petitioner 28 USC 2254 writ of habeas corpus. filed January 27, 2000.

(1) Petitioner being in close management confinement. And has limited access to legal assistant from law clerk's.

(2) Petitioner lost of all legal document's to a unscrupulous paralegal company.

(3) Petitioner tring to intact the need information by legal note's made from previous motion's filed and the best of petitioner memory.

(4) Being that the petitioner appearing through pross tried to present. that through the exercise of due diligence and tring to stay within the one-year period of limitation rule of filing petitioner's 28 USC 2254 writ of habeas corpus.

(4)

However with all these conditions in mind the petitioner made such a accidental error.

Title 28 USC §2242 provides that Habeas Corpus applications "may be amended or supplemented as provided in the rules of procedure applicable to civil action." Rule 11 of the Rules governing §2254 proceeding provides that "The Federal Rules of Civil Procedure, to the extent that they are not inconsistent with these rules, may be applied, when appropriate to petition filed under these rules." The Advisory Committee Notes to Habeas-Rule 5 points out, in turn, that ("under Habeas Rule 11 the court is given the discretion to incorporate Federal Rule of Civil Procedure when appropriate. So Civil Rule 15(a) may be used to allow the petitioner to amend his petition"). See Advisory Committee Note 5 of the Rules governing §2254 proceeding and Fed. R. Civ Proc. Rule 15(a), taken together these provisions allow amendment of the petition. Under liberal standards of Civil Rule 15. See, Holiday v. Johnson, 313 U.S. 342, 350 (1941) and Withrow v Williams, 113 S.Ct. 1745, 1755-56 N. 7 (1993) (citing FHCPP proposition that Rule 15 applies in Habeas Action.).

(5)

Furthermore, Civil Rule 15(a) gives habeas petitioner like other civil complainants, the right to amend the petition once without leave of the court "at any time before (the state files) a responsive pleading." See e.g., Willis v Collins, 989 F.2d 182, 189 (5th Cir 1993). After the petitioner files one preanswer amendment or the respond submitts an answer or other responsive pleading. Civil Rule 15 permits amendment "by leave of court or by written consent of the adverse party." See Withrow v Williams, 113 S.Ct. 1745, 1755-56 (1993). Leave to amend shall be freely given when justice so requires See e.g. Sanders v United States, 373 U.S. 1, 10 L.Ed.2d 148, 83 S.Ct. 1068 (1963).

Wherefore the petitioner should be granted Leave to Amend Petition.

(6)

## CONCLUSION

Wherefore it is clear that the petitioner has made a accidental error in failing to present all information regarding dates, motion, ruling and mandate's. The petitioner respectfully request this Honorable Court to consider the facts herein and grant the petitioner leave to Amend Petition 28 U.S.C. 2254 Writ of Habeas corpus or any relief as may be deemed appropriate.

I declare under penalty of perjury that the foregoing is true and correct. Executed on.

3-2-00
(date)

Respectfully Submitted.

Jeremy Lockhart
Jeremy Lockhart PRO SE

(7)