UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

FILED BY _____ D.C.
2000 APR 14  AM 10: 34
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA - MIA

JEREMY LOCKHART,
   Petitioner,

VS.

CASE NO: 00-6150-CIV-DIMITROULEAS
MAGISTRATE JUDGE SORRENTINO

MICHAEL W. MOORE,
   Respondent.
_____/

## AMENDED PETITION FOR WRIT OF HABEAS CORPUS 28 USC § 2254

COMES NOW, petitioner, JEREMY LOCKHART, proceeding pro se, pursuant to 28 U.S.C. § 2254, Respectfully moves this Honorable Court to grant petitioner's writ of Habeas Corpus or Alternatively, grant an evidentiary hearing in the above styled cause. In support thereof petitioner states the following:

(1) Petitioner, Jeremy Lockhart, Prison No: B-188231 is currently being held as a prisoner at Taylor Correction Institution, in the state of Florida, Department of Correction.

(2) Respondent is MICHAEL W. MOORE, Secretary of the Department of Correction in the STATE OF Florida.



(1)

(3) Attorney General of the State of Florida, Robert A. Butterworth.

---

(5). Petitioner is attacking the Judgment of conviction and sentence rendered in the 17th Judicial Circuit in and for Broward County Florida, by the Honorable Mark A. Speiser.

(2)-(3)-(4). On August 17, 1995, Petitioner was convicted. On September 8, 1995, Petitioner was sentenced to the Florida Department of Correction for a term of 30 years imprisonment with a provision of 15 years minimum mandatory H.V.F.O. for the offense of manslaughter with a firearm.

(5)-(6)-(7). The petitioner entered a not guilty plea to the criminal offense as charged in the information to-wit: Second degree murder with a firearm. On or about August 14, 1995, the case proceed to trial by jury. Petitioner testified under oath before the jury.

(8) On September 18, 1995 Petitioner timely filed Notice of Appeal to the Fourth District Court of Appeal.

(2)

(9) The petitioner filed Appeal in the Fourth District Court of Appeal. Appeal court percuriam, Affirming the Judgment of conviction and sentence, on March 5, 1997. Non-published opinion. Issue's raised in petitioner Appeal: (I) The Trial Court's incomplete instruction on self-defense. (II) The Testimony implying Appellants commission of an uncharged criminal offense. (III) The Trial Court Absence During Jury Question constitutes Reversible Error. (IV) References to evidence provided by Non-testifying Witnesses constituted Error.

(10) — (A) Petitioner filed in the Fourth District Court of Appeal, Petition for writ of habeas corpus. Challenging the ineffective assistance of Appellate Counsel. On June 10, 1997, the petition was summarily denied. (B) Petitioner filed petition to invoke Jurisdiction in the Supreme Court of Florida on denial of writ of habeas corpus on ineffective assistance of Appellate counsel. Denied for lack of Jurisdiction. Date of Denial unknown. (C) Petitioner filed in the 17th Judicial Circuit Court in and for Broward County Florida. Motion 3.850 Post-conviction Relief. Issue's Raised: (I) Petitioner Denied Right to a fair and a impartial Trial by Jury. (II) Multiple Enhancement penalties Imposed violate Defendant Right to protection Against Double Jeopardy.

(III) Ineffective Assistance of Trial Counsel. ▄
Denied September 11, 1998. No Evidentiary hearing
held on petition. Petitioner Appeal Denial of Motion
3.850 post conviction Relief to the Fouet District
Court of Appeal on October 14, 1998. Percuriam,
Affirmed on December 16, 1998. Petitioner filed petition
to invoke Jurisdiction on denial of Appealed 3.850
post conviction Relief motion. In the Surpreme
Court of Florida. Denied for lack of Jurisdiction
Date of Denial unknown. Surpreme Court of Florida
Issued a mandate and opinion. date unknown.

(12). Grounds upon which petitioner relies as
basis for relief are as follows:

"A
Ground One"

CONVICTION OBTAINED IN VIOLATION
OF DEFENDANTS 6 AMENDMENT RIGHT
TO A FAIR AND IMPARTIAL TRIAL BY JURY.
AND 14 AMENDMENT RIGHT TO DUE
PROCESS EQUAL PROTECTION OF LAW.

Supporting FACTS:

(1) Defendant was indicted by a grand jury of the State of Florida in Broward County for second degree murder with a firearm of a human being. (2) Defendant proceeded to trial by jury (3) A six member jury was selected and sworn to try the case fair and impartial (4) At trial an inadequate defense of self-defense and/or defense of other was presented at trial by trial counsel. (5) Defendant testified at trial about the shooting. (6) During the charge conference defense requested an instruction of self-defense to be instructed to jury, request was denied. (7) Defense in closing argument claim of self-defense and defense of other was presented to jury. (8) Defense and State rested the case upon which time trial court instructed jury on the case and law. Thereafter jury began its deliberation. (9) During the jury deliberation the jury initially requested re-instructions concerning second degree murder and manslaughter, these requested re-instruction were not given to the jury as request by the jury. (10) The jury propounded a second request after a period time concerning the difference between second degree murder with a firearm and manslaughter with a firearm this request was also not answered

(5)

or jury being reinstructed. (11) According to the jury after a period of time and not being reinstructed on second degree murder and manslaughter as requested by the jury, then after thirty to forty-five minutes passed after the second request of defining the difference between second degree murder with a firearm and manslaughter with a firearm also not being answered the jury went on to reach a verdict of guilty of manslaughter with a firearm, without the jury clearly understanding of the charge. (12) Trial counsel move for a mistrial, trial court denied mistrial. (13) Trial court accepted the jury verdict, denying defendant a fair and impartial trial by jury.

B
Ground Two

**INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL VIOLATION OF DEFENDANTS 6TH AMENDMENT RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL AND 14TH AMENDMENT RIGHT TO DUE PROCESS EQUAL PROTECTION OF THE LAW.**

(6)

(1) Defendant was appointed trial counsel Robert E. Godwin by trial court to represent defendant in a second degree murder of a human being to-wit a firearm. (2) Trial counsel conducted a client-attorney interview with defendant, during interview defendant gave trial counsel a detailed account of the shooting. (3) Defendant advised trial counsel that the victim on previous occasion's has committed acts of violence on defendant's 16 year old sister April Reese by (A) Striking her in the head with a metal baseball bat. (B) Striking her on different occasion's with a closed fist. (4) Defendant had provided Mr. Godwin with the name's, addresses and some phone numbers of witnesses who witnessed these other acts of violence and who would have provided additional information of other previous occasions and/or other acts of violence on April Reese by Datrick Brown. (5) Defendant directed trial counsel to interview, investigate and/or call to testify at defendant's trial on behalf of defendant's defense of self-defense and/or defense of another. to support defendant's defense based on victim's acts of violence and reputation; ~~~~~ witnesses:

(7)

(I) April Reese (II) Katrina Kelley (III) Monica Dulley and (IV) Maria Bass. Who would have testified to Patrick Brown reputation of act of violence. Trial counsel did not interview, investigate and/or did not call them to testify on behalf of defendant's defense. (6) Trial counsel in opening argument to jury argued that the defendant acted in self-defense and/or defense of another, and would present evidence and testimonies which would support defendant's defense theory of self-defense and defense of another based on victim's reputation. (7) At trial John Hospodavis, a Fort Lauderdale Police officer testified on behalf of state prosecution, to finding Patrick Brown lying faced down in the defendant's apartment and speaking with April Reese and other various alleged eye-witnesses. Also to not seeing any visible injuries to April Reese & Cheryl Grant, lived across the hall for defendant, testified on behalf of state prosecution, to hearing five steady gunshot like sound coming from defendant's apartment. Also to hearing defendant stating "I'm tired of him messing with me and I am going to get him or similar words & Darren Walker. Staying with his brother in an apartment near defendant residence testified on behalf of the state prosecution, to that defendant, himself, Patrick Brown and Christopher Williams were all involved in a card game and during which time the card player's were drinking beer and defendant Patrick Brown and Christopher

Williams were smoking marijuana also. (10) Charles Forbes, lived next door to defendant testified on behalf of state prosecution, to hearing four or five "firecracker noises" from within defendant's apartment. Also to hearing defendant's stating "I'm tired of this shit." (11) Michael Walley, a Fort.Lauderdale detective testified to speaking with April Reese, who he stated displayed no visible injuries bruises or bleeding. Also to account of the statement taken from defendant. Mr. Walley also testified on the behalf of the state prosecution. (12) Joshua Peeper, a forensic pathologist testified on behalf of prosecution. to his conduction of an autopsy on Patrick Brown. (13) Robert Knutsen, a crime scene technician with the Fort.Lauderdale police department testified on behalf of the state prosecution to investigate the crime scene and gathering evidence. (14) No witnesses were called to testify in behalf of defendant defense. other than defendant to support defendants self-defense and/or defense of another based on Patrick Brown reputation of acts of violance. (15) counsel called defendant to testify. counsel did not perpare defendant to testify also trial

(9)

counsel did not explain to the extent or meaningfully consult with defendant to allow defendant to make a resonable decision on other lines of defense or to testifing at trial.

### "Ground Three"

ENHANCEMENTS PENALTY OR PENALTIES IMPOSED BY THE TRIAL COURT VIOLATES DEFENTANTS 5TH AMENDMENT RIGHT TO PROTECTION AGAINST DOUBLE JEOPARDY, 8TH AMENDMENT RIGHT TO PROTECTION AGAINST CRUEL AND UNUSUAL PUNISHMENT INFLICTIONS AND 14TH AMENDMENT RIGHT TO DUE PROCESS OF LAW.

Supporting Facts

① Defendant was indicted by a grand Jury

for second degree murder of a human being. To-wit a firearm. ② Trial counsel was appointed to defendant's case. ③ Defense processed to trial by jury. ④ Defendant was found and adjudicated guilty of manslaughter with a firearm. ⑤ Defendant's charge of manslaughter with a firearm was first enhanced by the trial court from a second degree felony to a first degree felony by trial court under the felony reclassification statute, because the criminal charge dealt with the possession or use of a firearm. ⑥ Defendant's charge of manslaughter with a firearm was again enhanced when trial court adjudicated defendant a Habitual Violent felony offender moving manslaughter with a firearm from a first degree felony to life felony under the habitual violent felony offender statute. ⑦ Trial court sentenced defendant to a term of (30) thirty years the maximum allowed under reclassification statute, then placed a special provision of a maximum term of 15 years mandatory under the habitual violent felony offender statute with the 30 year sentence.

(13) There is no previous Petition or Appeal now pending in any Court.

(14) Petitioner is serving no sentences other then the Judgment under Attack in this case.

(15) Attorney who represented petitioner in the following stages of the Judgment Attacked herein.

(a) At preliminary hearing  UNKNOWN

(b) At Arraignment and plea  Robert E. Godwin
528 S.W. 69th Place, Miami Florida 33155

(c) At trial  Robert E. Godwin
528 SW 69th Place Miami Florida 33155

(d) At sentencing  Robert E Godwin
528 SW 69th Place, Miami, Florida 33155

(e) On Appeal  Joseph R Chloupek
421 Third St West Palm Beach Florida 33401

(f) Post-conviction proceeding __PRO-SE__

(g) On Appeal from Adverse Ruling in Post-conviction Proceeding. __Pro-Se__

(16) This Court has Jurisdiction over this Petition and issues raised pursuant to 28 USC § 2254 because Petitioner is being held in violation of Constitution and Law of the United States. And Petitioner has exhausted all State remedies available as to the issues raised herein.

(17) Petitioner incorporates by reference the Brief in support of Amend Petition for Writ of Habeas Corpus 28 USC § 2254 Motion.

WHEREFORE, Petitioner Jeremy Lockhart, moves this Honorable Court to grant the following relief:

(a) Accepting Jurisdiction over this case;
(b) Require the Respondent to Answer to the Allegation in this Petition and the Brief in support;
(c) Hold such evidentiary hearing as this Court may deem necessary or appropriate;

(13)

(d) Issue an Order that this Court will grant a Writ of Habeas Corpus unless the State holds a new trial within a specified time.

Respectfully submitted

*Jeremy Lockhart*
Jeremy Lockhart Pro-Se
B-188231  F2-203L
Taylor Correction Ins.
Post Office Box 1728
Perry Florida 32348

4/10/00
DATE

## CERTIFICATE

Jeremy Lockhart, pro-se hereby certifies under penalty of perjury that the foregoing statements of facts in accompanying Petition and Brief are true to his knowledge, and that statements made on information and belief are true to the best of his knowledge and belief.

4/10/00
DATE

Respectfully submitted

*Jeremy Lockhart*
Jeremy Lockhart Pro-Se
B-188231  F2-203L

(14)

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of this foregoing instrument has been mailed via U.S. Postal Service on this 10 day of April 2000 to the ASSISTANT ATTORNEY GENERAL Cecilia Terenzio at 1655 Palm Beach Lake Blvd., #300, West Palm Beach, Florida 33401 by depositing same in the Taylor C.I. mail box.

Jeremy Lockhart
Jeremy Lockhart Pro Se
B188231 F2203
Taylor Correction Ins.
Post Office Box 1728
Perry, Florida 32348

(15)