

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

FILED BY _____ D.C.

2000 APR 14  AM 10: 34

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA - MIA

JEREMY LOCKHART,
        Petitioner,

VS.

                                    CASE NO: 00-6150-CIV-
                                    DIMITROULEAS.
                                    MAGISTRATE JUDGE, SORRENTINO

MICHAEL W. MOORE.
        Respondent,


BRIEF IN SUPPORT OF AMENDED
PETITION FOR WRIT OF HABEAS CORPUS
28 U.S.C § 2254


JEREMY LOCKHART PRO-SE
TAYLOR CORRECTION Institution
Post office Box 1728
PERRY FLORIDA
            32348



# TABLE OF CONTENTS

PAGES

Table of Contents . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . i

Index of Authorities . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii, iii

Statement of Questions Presented . . . . . . . . . . . . . . . . . . . . . 1, 2

Statement of Facts . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2-6

Argument . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6-8

I. PETITIONER CONVICTION OBTAINED IN VIOLATION OF PETITIONERS RIGHT TO A FAIR AND IMPARTIAL TRIAL BY JURY AND DUE PROCESS EQUAL PROTECTION OF LAW ___ 9-11

II. PETITIONER HAD INEFFECTIVE ASSISTANCE OF COUNSEL IN THE TRIAL COURT BY HIS COUNSELS FAILURE (A) TO MAKE AN ADEQUATE PRETRIAL INVESTIGATION AND/OR INTERVIEW WITNESSES. (B) TO CALL ~~WITNESS~~ WITNESSES TO TESTIFY (C) TO MEANINGFULLY CONSULT WITH PETITIONER . . . . . . . . . . . . . . . . . 12-17

III. ENHANCEMENT PENALTY OR PENALTIES IMPOSED BY TRIAL COURT ON PETITIONER VIOLATES HIS RIGHT TO. (A) PROTECTION AGAINST DOUBLE JEOPARDY (B) PROTECTION AGAINST CRUEL AND .

PAGES

UNUSUAL PUNISHMENT INFLICTION
(c) DUE PROCESS OF LAW. _ _ _ _ _ _ _ _ _ _ _ 18,19,55

Relief Sought _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _  20 pg
Appendix

## INDEX OF AUTHORITIES

CALLOWAY v. POWELL 393 F2d 886 (5th CIR 1968) _ _ _ 17 pg

Chambers v ARMONTROUT 907 F.2d 825 (8th CIR 1990) . 14 pg

DAVIS v ALABAMA 596 F.2d 1214 (5th CIR 1979), vacated
as moot 446 US 903  100 S.Ct 1827, 64 LEd2d
256 (1980) . . . . . . . . . . . . 13,14 pgs

GIDEON v WAINWRIGHT 372 US 335  83 S.CT. 792
9 LEd2d 779 (1963) . . . . . . . . . 12pg

Goodwin v BALKCOM  684 F2d 794 (11th CIR 1982) . . . 15,17 pgs

House v BALKCOM  725 F.2d 608 (11th CIR 1984) . . 13 pg

Niblack v STATE  451 So2d 539 (Fla ADD 2Dist .. 10  pg
1982)

_Pilchak v. Camper_, 741 F.Supp 782 (W.D. Mo 1990) . 17pg

_Reed v. State_, 531 So 2d 358 . . . . 10 pg

_Stanley v. Zant_, 697 F.2d 955 (11th Cir 1983) . . 13 pg

_Strickland v. Washington_, 466 US 668. 104 S.Ct 2052. 80 L.Ed.2d 674 (1984) . . . . . . . . 16 pg

_Washington v Strickland_, 693 F2d 1243 (5th Cir unit b 1982). (En banc) cert. granted — US — 103 S.Ct 2451. 77 L.Ed 2d 1332 (1983) . . . . . . 12 pg

_Weidner v Wainwright_, 708. F.2d 614 (11th Cir 1983). 14pg

_Windom v Cook_, 423 F.2d 721 (5th Cir 1970) . . 17pg

Florida Statutes  775.084 (1994), 775.087 (1994). 9, 18, 19 pgs 782.07, 782.11.

iii

## STATEMENT OF QUESTIONS PRESENTED

I. WHETHER THE STATE COURT'S REFUSAL TO REVERSE THE CONVICTION FOR THE VIOLAT- ION OF PETITIONER RIGHT TO A FAIR AND IMPARTIAL TRIAL BY JURY AND DUE PROCESS EQUAL PROTECTION OF LAW. VIOLATES PETITIONERS RIGHTS.

    PETITIONER ANSWERS "YES."

II. WHETHER PETITIONER HAD INEFFECTIVE OF COUNSEL IN THE TRIAL COURT BY HIS COUNSEL'S FAILURE (A) TO MAKE AN ADEQUATE PRETRIAL INVESTIGATION AND/OR INTERVIEW WITNESSES (B) TO CALL ~~DEFENSE~~ WITNESS- -ES TO TESTIFY (C) TO MEANINGFULLY CONS- ULT WITH PETITIONER.

    PETITIONER ANSWERS "YES"

III. WHETHER ENHANCEMENTS PENALTY OR PEN- ALTIES IMPOSED BY TRIAL COURT ON PETIT- IONER VIOLATES HIS RIGHT TO. (A) PROTECT- ION AGAINST DOUBLE JEOPARDY. (B) PROTECTION. AGAINST CRUEL AND UNUSUAL PUNISHMENT

INFLICTION ② DUE PROCESS OF LAW.
PETITIONER ANSWERS "YES"

## STATEMENT OF FACTS

A. STATEMENT OF PROCEEDINGS.

Petitioner/Defendant, JEREMY Lockhart was Jury tried in the 17ᵗʰ Judicial CIRCUIT Court before the Honorable MARK A. SPEISER. Petitioner was convicted of manslaughter with a firearm. F.S. 775.087 in the shooting death of Patrick Brown on August 17, 1995. Judge. MARK A SPEISER sentenced to 30 YEARS with a minimum term of 15 YEARS F.S. 775.084(4)(A) H.V.F.O. on September 8, 1995.

Petitioner filed a timely notice of Appeal, Appeal/conviction to the Fourth District Court of Appeal on September 18, 1995. Fourth District Court of Appeal. Affirmed conviction on March 5, 1997. unpublished opinion.

Petitioner filed a writ of HABEAS CORPUS in the Fourth District Court of Appeal Challenging the effective Assistance of Appellant Counsel. Fourth District Court of Appeal summarily Denied writ of Habeas Corpus on June 10, 1997. Petitioner filed Motion to invoke Jurisdiction on denial of writ of habeas Corpus in the SupReme

Court of Florida. Denied for lack of Jurisdiction. date unknown.

Petitioner filed in the 17th Judicial Circuit court a 3.850 post conviction relief motion. the 17th Judicial Circuit. Denied 3.850 motion on September 11, 1998. No Evidentiary hearing was held on Petitioner claim's. Petitioner Appealed denial of 3.850 motion to the Fourth District Court of Appeal on October 14, 1998. the Fourth District court Affirmed Denial December 16, 1998. Petitioner filed Petition to Supreme Court of Florida to invoke Jurisdiction on Denial of 3.850. Supreme Court of Florida denied Petition.

Supreme Court of Florida issued a mandate and opinion. date unknow.

Petitioner now files a amended Petition For writ of Habeas Corpus 28 USC § 2254. Amending Habeas corpus filed originally on January 31, 2000. After Exhausting all his state remedies.

B.   STATEMENT of CASE.

Prior to trial. Petitioner was appointed counsel Mr. Robert E. Godwin by trial court. Mr. Godwin conducted a client-Attorney interview. Petitioner gave Mr. Godwin a detail account of Shooting. Also advise counsel that Patrick Brow

3

Acts of Violence on his Sister APRIL REESE. Petitioner ~~also~~ also advise counsel that April Reese Katrina Kelley. Monica Dulley and Maria Bass. could provide counsel with more information on other acts of Violence. Petitioner provide All(4) of these witnesses Address and some Phone numb-er's. Petitioner ask trial counsel to Interview these witnesses. Petitioner inquired Mr. Godwin several time about contacting these witnesses. After 11 month's defense proceeded to trial, non of these witnesses were called. Although his trial resulted in a mistrial. Petitioner was retried. After 3 months. At trial petitioner trial counsel presented his opening Argument of self defense and/or defense of Another. Prosecution counsel presented his opening Argument. prosecution counsel called the following witnesses to the witness stand to testify on behalf of Prosecution; ① officer John Hasdodavis testified to finding Patrick Brown laying ~~faced~~ down in Petitioner ~~apper~~ apartment. And to talking various Alleged witnesses. Also not seeing any visible injuries on APRIL REESE. ② Cheryl Grant. testified to hearing five steady ~~gun~~shots And to Petitioner stating "I am tired of him messing with me And I am going to get him. ③ Darren Walker testified to

4

being involved in a card game with Petitioner,
patrick Brown and Christopher williams. during
which time all were drinking beer. and Petitioner,
Brown and williams were smoking marijuana during
the card game. ④ Charles Forbes, testified to hear-
ing four or five "FIRECRACKER NOISES" from within Peti-
ioner apartment and hearing petitioner state "I'm tir-
-ed of this shit. ⑤ Detective Michael Wallen testified to
statement he had taken from Petitioner, to Petitioner tak -
ing him to site of where petitioner disposed gun and to
not seeing any visible injuries on April Reese. ⑥
Joshua Perper a forensic Pathologist, testified to his
conduction of the autopsy on Brown. . ⑦ officer
Robert Knutten a crimescene technician testified
to investigating the crimescene and to gathering evi-
-dence. Prosecution counsel called no other witnesses.
Petitioner trial counsel then called petitioner to testify
in behalf of defense. After only speaking to petitioner
for a few minute. a few second before petitioner took
the stand not fully knowing the consequence.
No other witnesses were called on behalf of defen-
se. Defense rest its case, prosecution rested
its case also.
    Trial court instructed jury, then reinstructed
the jury again before jury started deliberation. Dur-
ing deliberation the jury again requested to be

REINSTRUCTED CONCERNING SECOND DEGREE MURDER AND MANSLAUGHTER, this REQUEST WAS NOT ANSWER the JURY AGAIN PROPOUNDED ANOTHER QUESTION CONCERNING the DIFFERENCE BETWEEN SECOND DEGREE MURDER WITH A FIREARM AND MANSLAUGHTER WITH A FIREARM this REQUEST ALSO WAS NOT ANSWER, AFTER ~~████~~ thirty to forty five minutes JURY went on to REACH A VERDICT. TRIAL COURT ACCEPTED JURY VERDICT AFTER "ONE" of the JUROR SAID the ~~████~~ JURY NO long NEEDED A RESPONSE. TRIAL COURT ACCEPTED JURY's VERDICT of guilty to the LESSER OFFENSE of MANSLAUGHTER WITH A FIREARM

## ARGUMENT

I. The TRIAL COURT DENIED PETITIONER his 6th AND ~~██~~ 14th AMENDMENT Rights by NOT REINSTRUCTING the JURY AND DEFINING the DIFFERENCE BETWEEN CHARGE ALREADY GIVEN to JURY, when JURY REQUESTED to be REINSTRUCTED AND HAVE the DIFFERENCE DEFINED BETWEEN the CHARGE, WHICH WOULD ALLOW the JURY ~~and before~~ AN OPPORTUNITY to get A CLEAR UNDERSTANDING of INSTRUCTIONS GIVEN to them AND OFFERING the JURY A CHANCE to EXERCISE their PARDONING POWER to find PETITIONER shooting

Justifiable, excusable, Self-defense and/or defense of another. By the trial court not answering Jurys request deprived petitioner a fair and Impartial trial by Jury and also deprived him due process of LAW.

II. Counsel was ineffective assistance for Not Investigating witnesses who were provided to him and would have provided him with additional information and/or evidence which would have been helpful to petitioner defense. Also For not Interviewing and/or called to testify witnesses who would have provided additional testimony to the Jury on Browns other acts of violence in support of petitioner defense had the Jury heard this testimony the Jury may have found that the shooting of Brown, justifiable, excusable, self-defense and/or defense of another.

Furthermore counsel was ineffective assistance for not meaningfully consult with petitioner and explain to the extent reasonable of testifying to the petitioner. had counsel done so petitioner may have not testified. By counsel combined errors he was ineffective assistance to petitioner. depriving petitioner of his 6th and 14th amendment Rights.

III. MANSLAUGHTER IS A SECOND DEGREE FELONY UNDER F.S. 782.07. THE ~~criminal~~ PENALTIES IMPOSED ON PETITIONER WAS FIRST ENHANCE ~~added~~ WHEN he WAS found guilty of MANSLAUGHTER with A FIRE ARM UNDER F.S. 775.087. MOVING THE DEGREE FROM A SECOND DEGREE FELONY TO A FIRST DEGREE FELONY, it WAS AGAIN ENHANCED WHEN TRIAL COURT RULE PETITIONER TO BE A HABITUAL VIOLENT FELONY OFFENDER UNDER F.S.775.0846(6) WHICH ENHANCED PETITIONER FROM A FIRST DEGREE TO A LIFE FELONY UNDER WHICH PETITIONER WAS SUBJECT TO A 15 YEAR MINIMUM TERM ~~and~~ TO BE INCLUDED WITH his 30 USHR SENTENCE THIS VIOLATES PETITIONER 5th 8th AND 14th AMENDMENT RIGHT.

(8)

# I
## ISSUE

PETITIONER CONVICTION OBTAINED
IN VIOLATION OF PETITIONER RIGHT TO
A FAIR AND IMPARTIAL TRIAL BY JURY
AND DUE PROCESS EQUAL PROTECTION
OF LAW.

Trial court must instruct on Justifiable AND EXCUS-
-ABLE homicide in order to provide complete definition
of manslaughter, which is a RESIDUAL offense and both
instructions must be given EVEN WHERE THERE IS no
EVIDENCE to support finding of Justifiable or EXCUSABLE
homicide. West's F.S.A  782.07, 782.11.
In prosecution of second-degree murder, trial court
ERRED in failing to provide complete REINSTRUCTION on
SECOND-degree MURDER AND on MANSlaughter including
REINstruction on Justifiable AND EXCUSABLE, when the
Jury interrupted its deliberation to request REINST-
ruction on SECOND degree murder and manslaughter.
FURTHERMORE trial court ERRED in failing to provide
complete CLARIFICATION of difference between SECOND-
DEGREE murder with a firearm AND MANSlAUGHTER

with a firearm. when Jury again interrupted its
deliberation to request clarification of difference.

Petitioner contends that the trial court err-
ed in failing to provide a complete reinstruction
on instruction requested by Jury during his
Jury trial for murder in the second degree,
see Niblack v State 451 S2d 539 (2nd DCA 1984). Because
Manslaught is a residual offense. In order to give
complete definition of Justifiable and Excusable homi-
cide. and when Jury ask to be reinstructed on el-
ements of Various crimes which it may consider,
reinstruction on manslaughter should be as com-
plete as was original instruction. And thus it
should includs. contemporaneous definition
of Excusable and Justifiable homicide. Reed v State
531 So2d 358.

In Petitioner's trial the record reflects that
the Jury interrupted its deliberations to request
to be "reinstructed on second-degree murder and
manslaughter." trial court did not respond to
Jury request. The Jury "again" interrupted its
deliberation to request "clarification of the differ-
nce between second degree murder with a fire
arm and manslaughter with a firearm", this request

also was not respondent too. trial court failure
to do so left the jury with an incomplete and
potentially misleading instruction and constituted
reversible error. which would deny petitioner his
6th and 14th Amendment Rights.

This cause should be reverse and remanded for
new trial.

## II
## ISSUE

### PETITIONER WAS DENIED EFFECT-IVE ASSISTANCE OF TRIAL COUNSEL.

A.  TRAIL Counsels Failure to MAKE An ADEQUATE PRETRIAL INVESTIGATION AND/OR INTERVIEW WITNESSES.

It is well established that a defendant in a cri-minal trial is entitled to effective assistance of counsel under the Sixth Amendment AND due process clause of the fourteenth amendment. SEE Gideon v. Wainwright, 372 US 395, 83 S.ct 792, 9 L.Ed.2d 799 (1963). Effective Assistance of counsel, Such as will satisfy the requirements of the Sixth Amend-ment, is counsel reasonably likely to render and rendering reasonably effective assistance give the totality of the circumstances. Washington V Strickland. 693 F.2d 1243. 1250 (5ᵀᴴ CIR UNIT B 1982) (En banc) cert granted. — U.S. ——. 103 S.ct 2451, 77 L.Ed.2d 1332 (1983).

IN this case Petitioner  Trial counsel Mr. Robert E. Godwin  conducted  A client-Attorney Interview

during this interview petitioner presented Mr. Godwin with names, addresses and some phone number of (4) witnesses: April Reese, Katrina Kelley, Monica Dulley and Maria Bass who could have provided Mr. Godwin with additional information on other different acts of violence, victim / Patrick Brown has committed on petitioner's sister April Reese. Being that the petitioner was faced with a second degree murder crime trial counsels failer to investigate and/or interview these witnesses, deprived petitioner source of evidence helpful to his defense. (See exhibits #1 April Reese, sworn affidavits and #2 Katrina Kelley sworn affidavits.). A pretrial investigation in a criminal case provides the basic foundation on which most defense rest and is a critical stage of the lawyer performance. House v Balkcom 725 F. 2d 608 (11th cir 1984). A court must also consider that although a capital case is judged by the same standards as any other case, "the seriousness of the charges against the defendant is a factor that must be considered in assessing counsel's performance". Stanley v. Zant 697 F.2d 955, 962-63 (11th cir 1983). Furthermore, an attorney does not provide effective assistance if he fails to investigate sources of evidence which may be helpful to the defens. Davis v. Alabama 596 F. 2d 1214, 1217 5th cir 1979 vacated as

(13)

moot 446 US 903, 100 S.Ct 1827, 64 L.Ed 2d 256, 1980

Had counsel investigated and/or interview these wit-
nesses he would have gotten a clear understand-
ing of Brown violence acts and been able to pre-
sent evidence bu testimony from these witnesses to
the Jury in support of petitioner's defense. which
may have change the Jury's Verdict to Self-de-
fense and/or defense of another or Nevertheless
a Not guilty Verdict.

B. Trial counsel Failure to call witnesses to testify
in support of petitioner defense

A defendant has the Right to have witnesses
presented that will support his ☎ theory of
defense. See <u>WEIDNER V WAINWRIGHT</u> 708 F. 2d
614, 616. (11 Th Cir 1983). Counsel's decision Not to
interview and present witness that supported
defendant's theory of defense deficient perfor-
mance. <u>CHAMBERS V. ARMONTROUT</u>, 907 F. 2d 825,
830-31 (8 Th Cir 1990), cert denied, 498 US 950. 111 S.-
Ct. 369. 112 L Ed. 2d 331 (1990).

In This case. petitioner advised trial counsel

14

to call April Reese, Katrina Kellsy, Monica Nulley and Maria Bass as witnesses to testify to victim reputation of previous acts of violence. which their testimonies may have cast doubt on petitioner guilt and to bolster his defense of self-defense and/or defense of another based on victim reputation of violence, which was otherwise supportation of defense was very frail without ~~cause~~ these witnesses.

Counsel failure to present these witnesses testimonies to the jury, deprived petitioner the opportunity to present testimony in support of his defense theory and denied petitioner his sixth amendment and fourteenth amendment.

The sixth amendment through the fourteenth entitles a state criminal defendant the right to counsel reasonably likely to render effective assistance see. Goodwin vBalkcom 684 F. 2d 794 (11th cir 1982).

**B.** Trial counsels failure to meaningfully consult with petitioner.

Counsel's action are unusally based, quite properly, on information supplied by the defendant. In particular what investiga-

-tion DECISION ARE REASONABLE depends critically on such information. STRICKLAND v. WASHINGTON 466 US 668, 689. 104 S.Ct. 2052, 2066 80 L.Ed2d 674. (1984).

In this case, trial counsel failed to meaningfully consult with petitioner and explain the serious ramification of testifying to the reasonable extent to allow petitioner to make a reasonable decision. Also counsel did not PREPARE petitioner to testify, counsel called petitioner to testify after only speaking to petitioner a few minute about testifying. A few seconds before calling petitioner to take the stand. The trial record should reflect that during prosecution examination of petitioner, prosecution asked, had trial counsel spoken to him prior to trial about testifing petitioner stated "no", prossecution also asked petitioner. had he thought about what he would say on stand petitioner stated "no". Had counsel meaningfully explain to petitioner the good and bad side of testifying, petitioner is sure that he would have not choosen to testify. By counsels failure to explain the serious ramification of testifying left the petitioner with a unuclear of understanding of what the good side and bad-

16

side of testifying. Counsel failure not to explain the serious ramification of testifying constitutes ineffective assistance. See _Pilchak v Camper_ 741 F Supp 782 (W.D. Mo 1990). Effective counsel includes familiarity of counsel with the case and an opportunity to investigate it if necessary in order meaningfully to advise the accuse of his options, _Windom v Cook,_ 423 F.2d 721, 721 (5th Cir 1970) quoting from _Calloway v Powell_ 393 F.2d 886, 888 (5th Cir 1968). The totality of trial counsels unprofessional errors and omissions constitute ineffective assistance of counsel. _Goodwin v Balkcom._ 684 F.2d 794 (11th Cir 1982).

These combine errors deprived petitioner effective assistance of counsel, and due process equal protection of law. This case should be reversed and remanded.

# III

## ISSUE

ENHANCEMENT PENALT OR PENA-
LTIES IMPOSED BY TRIAL COURT
ON PETITIONER VIOIATES HIS
RIGHT TO ⓐ PROTECTION AGAINST
DOUBLE JEOPARDY ⓑ PROTECTION AG-
AINST CRUEL AND UNUSUAL PUN-
ISHMENT INFLICTION ⓒ DUE
PROCESS OF LAW.

A STATE CRIMINAI has the Right to PROtection Agann-
st double JEOPARdy: under his 5ᵀᴴ AMENd MENTRight
Also the Right to PROtection AGAINSt CRUEL AND UNUSUAL
PUNISHMENT infliction: under his 8ᵀᴴ AMENdMENT
Right AND DUE PROCESS of LAW: under his 14ᵀᴴ AMEN-
dMENT Right.

IN this CASE PETITIONER ASSERts that the teial
court Allowed MANSIAughter with A fIREARM to be
included IN his VERdict foRM. MANSIAughter
with A fIREARM under 775.087 (6)(6) A, IS AN
ENHANCEMENT IN its SElf bu RAISING MANSIAUGhter
782.07 FROM A SECOND degReE felony to A fiRStde-

18

aree felony. because of the POSSESSION or use of WEAPON which Allowed trial court to INCRSASE PETITIONER PEN- ALty. PETITIONER was found guilty by Jury of the Al- ready enhanced MANSlaughter with A FIREARM. the trial court then ruled petitioner to be a habitual violent feloney offender under 775.084 (4)(a) 1994 F.S. Subjecting petitioner to another enhancement, which 775.084 IS Also AN enhancement PENAlties Statue. this Allowed trial court to sentence petitioner to "Life" sentence without eligibility for RElease for 15 YEAR'S. HoweVER trial court did Not sent- ENCE petitioner to LIFE sentence but to 30 YEAR with out eligiblity for RELEASE for 15 YEARS under 775.084

Petitioner contents that trial court enhancement penalties imposed on him violate his 5th, 8th and 14th AMENdMENt Rights. by the enhance- ments he was subject to by trial court. Petit- ion believe this sentence should be VACated and set a side for the violation of his Rights.

## RELIEF SOUGHT

. WHEREFORE. Petitioner Jeremy Lockhart pro-se moves this Honorable Court to grant the following Relief

(a) Accept Jurisdiction over this case pursuant to 28 USC 2254.

(b) Require the respondent to Answer the Allegation in this petition and the Brief in support

(c) Order such Evidentiary hearing as this Court deem Necessary or appropriate

(d) Reverse the Judgement and sentence of the trial Court and remand this cause with such directives as may be deem appropriate

4/10/00
DATE

Respectfully submitted,

_Jeremy Lockhart_
Jeremy Lockhart

Under Penalty of Perjury pursuant to § 92.525 Florida statute (1995) I hereby declare that I have read the foregoing document and matter contained therein are true and correct.

Date: 4/10/00

_Jeremy Lockhart_
Jeremy Lockhart B-188231

20

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been furnished via United States mail to: _ASSISTANT ATTORNEY GENERAL, CECILIA, TERENZIO_ _1655 PALM BEACH LAKE Blvd #300 WEST PALM BEACH, Florida 33401_ this _10_ day of _APRIL_ , _2000_ .

## UNNOTARIZED OATH

**UNDER PENALTY OF PERJURY**, pursuant to § 92.525, Florida Statute (1995), I hereby declare that I have read the foregoing document and the matters contained therein are true and correct.

Date: _4/10/00_

_____
Signature
DC#: _0-188231_
Taylor Correctional Institution
Post Office Box 1728
Perry, Florida 32348

"APPENDIX"

EXHIBIT

# 1

# Affidavit

I, April Reese , being of legal age, make the following statements and declare that, on my personal knowledge, they are true.

My self April Reese and Patrick Brown this time we wasen arguing I told patrick Brown 3 days before this incident happened that it was over and that I had some body else me Latoina Kelly & monica Dudley were sitting in the house playing cards when a knock came on the door it was my boy frined Antwan Sanes. Came over to see me I went out side and talked to him then he left I went back in the house and went straught to my Room and close of my door and patrick Brown came in there harrasedming me, he threw iron at me he threw shoes at me her called me names and I told him to leave me alone and close my door and he woulnt so I got up and pused him out of my room and

continue on
next page

## DECLARATION UNDER PENALTY OF PERJURY

I DECLARE UNDER PENALTY OF PERJURY under the laws of the United States of America specifically Title 28, Section 1746 U.S.C.A., and Fla. Stat. 92.525(2), that the foregoing is true and correct.

x 9-22-99
**Date**

x April Reese
**Affiant**

①

Closed my door the he kicked
my door Back open then I Jumped
up and went in the living room
he came in the Messing with me
so I got up and told him to get
out My house then he slaped
me so I staped Him. then he
called the police and the police
came and told me that I could
go to Jail But I staped him
in self denfense because he hitt
me first.

april reese

9-22-99



I, APRIL Reese , being of legal age, make the
following statements and declare that, on my personal
knowledge, they are true.

In July of 1994 my self and patrick Brown
were arguing and the argument got
violet because he was dricking and
smocking marijuana. he hit me
on the Right side of my head with
an Iron bat that caused me to get
Four to six staples In the Right
side of my head.

## DECLARATION UNDER PENALTY OF PERJURY

I DECLARE UNDER PENALTY OF PERJURY under the laws of
the United States of America specifically Title 28, Section
1746 U.S.C.A., and Fla. Stat. 92.525(2), that the foregoing
is true and correct.

x 9-22-99
Date

x April Reeso
Affiant



# Affidavit

I, X April Reese ___, being of legal age, make the following statements and declare that, on my personal knowledge, they are true.

In February of 1994 my self April Reese and Patrick Brown we arguing because he was dricking and smoking mara Jue. and doing cosaine I was getting ready to go out to a club when patrick pull me by my hair and slung me on the floor and kick me in my back then my brothers ex-wife told him to get off me or else she would call the police he jumped up and ran at that time I got up and said I'm still going out he don't tell me what to do and I went out to Troys Lounge and he was there and I was on the stage danceing and he came and hit me in the face and the security threw him out Club but I stayed and continued danceing. Contine on.

next page

## DECLARATION UNDER PENALTY OF PERJURY

I DECLARE UNDER PENALTY OF PERJURY under the laws of the United States of America specifically Title 28, Section 1746 U.S.C.A., and Fla. Stat. 92.525(2), that the foregoing is true and correct.

x 9-22-99
**Date**

x April Reese
**Affiant**

③

there until the Club was over as I was walking home frome the Club he came from the wall and hit me again, in the face and we started fighting. he then picked me up and slammed me on the ground. I went home. when I woke up the next morning my face was swollen on the left side I had my sister. Regina Kendle to Call my mother Eva Anderson and tell her to come over to my house that's when she looked at my face and asked me what happend I explained the situation that's when she told me to go to the Hospital because my Jaw was fractured.

April Reese
9-22-99

EXHIBIT

# 2



# Affidavit

I, Katrina Kelly , being of legal age, make the following statements and declare that, on my personal knowledge, they are true.

When I lived in Stranahan at 637 NW 15th Avenue April Busse and Patrick Brown were living with me. After awhile I put Patrick out because April and Patrick argued and fought all of the time and I had small children. I did not want my kids in that type of environment. Patrick came over to the house to see April one day after they broke up. Soon after he arrived April's present boyfriend arrived and Patrick got upset and started arguing with April. He threw one of my glass ash trays at April's head and missed and hit the wall. Then (cont.)→

### DECLARATION UNDER PENALTY OF PERJURY

I DECLARE UNDER PENALTY OF PERJURY under the laws of the United States of America specifically Title 28, Section 1746 U.S.C.A., and Fla. Stat. 92.525(2), that the foregoing is true and correct.

x 9/21/99
Date

Katrina R Kelly
Affiant

April pushed Patrick out of
her room and closed the door.
Patrick then forcingly pushed his
way backed in the room after
kicking the door open. I then
got rid of Patrick by grabbing
a big stick that I kept in-
side my closet for protection
of me and my babies and threaten-
ed to hit Patrick with it
and he left. To think he
would stay gone, he didn't
he arrived back there
after Aprils present boyfriend
Twone left they got in to a fist
confrentation, which was started
after Patrick slapped April.
The police was then called
but Patrick left.

9/21/99

‡Katrina R Kelly



# Affidavit

I, x Katrina Kelly , being of legal age, make the
following statements and declare that, on my personal
knowledge, they are true.

I am speaking in regards to an incident
that happened between April Reese and
Patrick Brown. On 9th STREET ONE late
night Patrick and April got into a
Argument for stupid reasons such as
he thought she was seeing another
man. The Argument continued and
soon broke out into a fight to where
April didn't want to fight but Patrick
insisted so they did. Shortly after
that Patrick grabbed a steel
baseball bat and hit April in the
back of her head where she
had to get stitches and at that
point because she was living with
me, the police told me if they found
her this way again I was going to
jail because she was living with me and
she was a minor and Patrick wasn't.

## DECLARATION UNDER PENALTY OF PERJURY

I DECLARE UNDER PENALTY OF PERJURY under the laws of
the United States of America specifically Title 28, Section
1746 U.S.C.A., and Fla. Stat. 92.525(2), that the foregoing
is true and correct.

x 9/21/99
Date

x Katrina L Kelly
Affiant

# Affidavit

I, Katrina Kelly , being of legal age, make the following statements and declare that, on my personal knowledge, they are true.

The incidents I am speaking of occured when Patrick and April lived with me at 637 NW 1st avenue Apt #19. Patrick and April always argued and fought. this particular day Patrick was the one doing all of the arguing and fighting because april wasn't arguing or fighting with him. We (Patrick, April, and myself) was playing cards (spades) and a friend of ours came over named David. Now David had a crush on April but respected the fact that she had a boyfriend. Anyway Patrick got mad because David came over and got very upset because of jealousy. Now all of this was started because prior to David coming over

## DECLARATION UNDER PENALTY OF PERJURY

I DECLARE UNDER PENALTY OF PERJURY under the laws of the United States of America specifically Title 28, Section 1746 U.S.C.A., and Fla. Stat. 92.525(2), that the foregoing is true and correct.

x 9/21/99
Date

Katrina C Kelly
Affiant



Patrick had drunk a lot of beer and smoke marijuana and only god knows what other drugs he was into. now Patrick started with an argument and ended up a fight. Patrick slapped April. April pushed Patrick to stop him from fighting her. Before I knew it they were fighting. I threaten to call the police and they calmed down then finally they completely stopped

9/21/99

Katrina Kelley



I, Katrina Kelly, being of legal age, make the following statements and declare that, on my personal knowledge, they are true.

I am speaking of an incident that occurred at Tedys night club and lounge. April and I decided to go to this club and when we arrive shortly after Patrick arrived Patrick had to be really high this night from all of the weed and Beer he had Because he came up on the stage at the club and slapped april for no reason. He tried to stop her from dancing. He pulled her hair and everything. The security then put him out of the club. but that didnt stop Patrick Because when we were leaving the club he slammed her to the ground.

## DECLARATION UNDER PENALTY OF PERJURY

I DECLARE UNDER PENALTY OF PERJURY under the laws of the United States of America specifically Title 28, Section 1746 U.S.C.A., and Fla. Stat. 92.525(2), that the foregoing is true and correct.

10/21/99
Date

Katrina R Kelly
Affiant