UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

JEREMY LOCKHART,

Petitioner,

v.

Case No: 00-6150-CIV-DIMITROULEAS
MAGISTRATE JUDGE SORRENTINO

MICHAEL W. MOORE,

Respondent.

_____/

## RESPONSE TO ORDER TO SHOW CAUSE

COMES NOW respondent and answers the order to show cause as follows:

### PROCEDURAL HISTORY

Petitioner was charged with second degree murder (Exhibit 1, p. 2). The jury

found Appellant guilty of the lesser offense of manslaughter with a firearm (Exhibit 1, p.

9). On appeal, Petitioner raised the following claims (Exhibit 1, p. ii):

TRIAL COURT'S INCOMPLETE INSTRUCTION ON SELF-DEFENSE
ENTITLES PETITIONER TO A NEW TRIAL.

TESTIMONY IMPLYING PETITIONER'S COMMISSION OF AN
UNCHARGED CRIMINAL OFFENSE ENTITLES APPELLANT TO A NEW
TRIAL.

THE TRIAL COURT'S ABSCENCE DURING A JURY QUESTION
CONSTITUTES REVERSIBLE ERROR.

REFERENCES TO EVIDENCE PROVIDED BY A NON-TESTIFYING
WITNESS CONSTITUTED ERROR.

The Fourth District per curiam affirmed. See Lockhart v. State, 689 So. 2d 1084

(Fla. 4th DCA 1997). Mandate issued on March 21, 1997 (Exhibit 3).



On April 27, 1997, Lockhart filed a petition for writ of habeas corpus in the Fourth District, claiming ineffective assistance of appellate counsel (Exhibit 4). On June 10, 1997, the Fourth District denied the petition (Exhibit 5). Petitioner sought review in the Florida Supreme Court (no copy of any notice to invoke or petition was received by Respondent). The Florida Supreme Court dismissed the petition for lack of jurisdiction on July 8, 1997 (Exhibit 6).

On December 11, 1997, Petitioner filed a motion for post conviction relief in the trial court (Exhibit 7). The trial court denied the motion on September 11, 1998 (Exhibit 8). Petitioner filed a notice of appeal on October 6, 1998 (Exhibit 9). The Fourth District affirmed. See Lockhart v. State, 728 So. 2d 235 (Fla. 4th DCA 1998). Mandate issued on January 5, 1999 (Exhibit 10). On January 4, 1999, Petitioner sought to invoke the jurisdiction of the Florida Supreme Court (Exhibit 11). On January 28, 1999, the Florida Supreme Court dismissed the case for lack of jurisdiction (Exhibit 12).

On January 24, 2000, Lockhart filed his petition in this Court. He later filed an amended petition and memorandum raising the following:

> THE TRIAL COURT ERRED BY NOT REINSTRUCTING THE JURY.
>
> PETITIONER RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL AT TRIAL.
>
> PETITIONER'S SENTENCE ENHANCEMENTS VIOLATE DOUBLE JEOPARDY.

## STATUTE OF LIMITATIONS

This petition is barred by the time limit provision of 28 U.S.C. §2244(d). In pertinent part, that section provides:

(d)(1) A 1 year time period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

\*       \*       \*       \*

(2) The time during which a properly filed application for state post conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section.

Antiterrorism and Effective Death Penalty Act of 1996 (the Act), Pub. L. No. 104-132, 110 Stat. 1214, codified as amended at 28 U.S.C. §2244.

The Act became effective on April 24, 1996, the date on which the law was enacted. Hatch v. Oklahoma, 9 F.3d 1012, 1014 and.2., citing Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996). Respondent submits that Petitioner's pleadings filed in the Florida Supreme Court did not toll the statute of limitations as both were rejected by the Florida Supreme Court for lack of jurisdiction. However, even assuming that these pleadings did toll the statute of limitations, the petition is still untimely.

Thirty-six days passed between the issuance of mandate on direct appeal (Exhibit 3) and the filing of Lockhart's petition alleging ineffective assistance of appellate counsel (Exhibit 4). One hundred fifty-six days passed from the time the Florida Supreme Court denied Appellant's first petition filed in the court (Exhibit 6) and the filing of Lockhart's motion for post conviction relief (Exhibit 7). Twenty-five days passed between the time the trial court denied Appellant's motion for post conviction relief (Exhibit 8) and Appellant's filing of a notice of appeal (Exhibit 9). Three hundred

sixty-one days passed between the Florida Supreme Court denial of Lockhart's second petition filed in that Court (Exhibit 12) and the filing of his petition in this Court.

Accordingly, the petition should be denied as time barred.

WHEREFORE, Respondent respectfully requests that the petition be denied.

Respectfully submitted,
ROBERT A. BUTTERWORTH
Attorney General
Tallahassee, Florida

JAMES J. CARNEY
Assistant Attorney General
Florida Bar #475246
1655 Palm Beach Lakes
Suite 300
W. Palm Beach, Florida 33401

Attorney for Respondent

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy hereof has been furnished by mail to:

Jeremy Lockhart, #B-188231, Taylor Correctional Institution, Route 1, Box 1086, Perry, FL 32347, this 17 day of May 2000.

Of Counsel