UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6150-Civ-DIMITROULEAS
MAGISTRATE JUDGE SORRENTINO

JEREMY LOCKHART,

    Petitioner,

v.                                REPORT RE DISMISSAL
                                  §2254 PETITION
MICHAEL W. MOORE,                 AS TIME BARRED

    Respondent.



This petition for writ of habeas corpus pursuant to 28 U.S.C. §2254 was filed on January 24, 2000.[1] The judgment of conviction in the underlying state criminal case, No. 94-10764, entered in Broward County, became final on June 19, 1997, ninety days after the mandate issued on his direct appeal on March 21, 1997 (DE#14, Ex.3), when the time for filing a petition for writ of certiorari with the United States Supreme Court expired.[2]

---

[1] The Eleventh Circuit now recognizes the "mailbox" rule in connection with the filing of a prisoner's petition for writ of habeas corpus. Adams v. U.S., 173 F.3d 1339 (11 Cir. 1999) (prisoner's pleading is deemed filed when executed and delivered to prison authorities for mailing). (DE#1 at 7).

[2] The Eleventh Circuit Court of Appeals in Coates v. Byrd, 211 F.3d 1225, 1226 (11 Cir. 2000) recently held that the time during which a petition for writ of certiorari is pending, or could have been filed, following the denial of *collateral relief* in the state courts, is not to be subtracted from the running

Pursuant to 28 U.S.C. §2244, as amended on April 24, 1996, a one year period of limitations applies to a petition under §2254. The one year period runs from the latest of

(1)  The date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(2)  The date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(3)  The date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4)  The date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

---

of time pursuant to 28 U.S.C. §2244(d)(1) for statute of limitations purposes. The Eleventh Circuit adopted the reasoning of the Tenth Circuit Court of Appeals that "[a] petition for writ of certiorari to the United States Supreme Court is simply not an application for state [court] review of any kind; it is neither an application for state post-conviction review nor an application for other state collateral review." Id. citing Rhine v. Boone, 182 F.3d 1153, 1156 (10 Cir. 1999).

The Eleventh Circuit noted in dicta that the tolling provision of 28 U.S.C. §2244(d)(1)(A), which applies to tolling of the statute during *direct appeal*, provides that the limitations period begins to run as of "the date on which the judgment became final by the conclusion of *direct review* or the *expiration of time for seeking such review*," which occurs when the United States Supreme Court has had an opportunity to review the case or the time for seeking such review has expired. Id. at 1226 citing Rhine v. Boone, 182 F.3d 1153 (10 Cir. 1999); Griffith v. Kentucky, 479 U.S. 314, 321 n.6 (1987). Thus, the petitioner is entitled to the benefit of the 90 day period of time allotted to file a petition for writ of certiorari.

2

The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under the statute.

In this case, since Lockhart's conviction became final after April 24, 1996, the effective date of the foregoing provisions, he does not receive the benefit of the one-year grace period applied by Eleventh Circuit and the majority of courts to counteract any retroactivity problems with the AEDPA's enactment. <u>Wilcox v. Florida Dep't of Corrections</u>, 158 F.3d 1209 (11 Cir. 1998); <u>Goodman v. United States</u>, 151 F.3d 1335 (11 Cir. 1998).

Prior to Lockhart's conviction becoming final, he filed a state habeas corpus petition on April 27, 1997. (DE#14, Ex.4). The Court of Appeal denied the state habeas corpus petition on June 10, 1997. (DE#14, Ex.5). The Florida Supreme Court dismissed for lack of jurisdiction Lockhart's attempt to invoke its discretionary jurisdiction on July 8, 1997. (DE#14, Ex.6). The limitations period was tolled from April 27, 1997 through July 8, 1997.

Lockhart waited over five months thereafter until he filed a motion for postconviction relief pursuant to Fla.R.Cr.P. 3.850 on December 11, 1997. (DE#14, Ex.7). The trial court denied the motion on September 11, 1998. (DE#14, Ex.8). That denial was affirmed by the Court of Appeal. Lockhart v. State, 728 So.2d 235 (Fla. 4 DCA 1998). The mandate issued on January 5, 1999. (DE#14, Ex.10). The Florida Supreme Court dismissed for lack of jurisdiction Lockhart's attempt to invoke its discretionary jurisdiction on January 28, 1999. (DE#14, Ex.12). The limitations period was tolled from December 11, 1997 through January 28, 1999.

Lockhart waited over eleven months thereafter until he filed this federal petition on January 24, 2000. (DE#1). The filing of this federal petition on January 24, 2000 exceeds the one-year grace period because a total of over sixteen months of untolled time elapsed between the time Lockhart's conviction became final on June 19, 1997, and the filing of this federal petition.

An order was entered requiring the petitioner to state whether one or more of the four factors listed above justifies

consideration of this petition for writ of habeas corpus. (DE#5). The petitioner was notified that failure to demonstrate the existence of at least one of the four factors would probably result in dismissal of the petition.

Lockhart filed a response (DE#12), in which he argues that his federal petition is timely because the limitations period was tolled because he is under close management status, and has limited access to legal materials and institution law clerks. In certain circumstances, denial of access to the law library may constitute cause for a procedural default. See: McCoy v. Newsome, 953 F.2d 1252, 1260 (11 Cir. 1992). In this case, Lockhart does not allege that he was entirely deprived of access to law books in preparing his federal petition. He asserts only that his access to the library or legal materials was limited. Lockhart presents no evidence to show that being under close management status somehow impeded his ability to prepare this federal petition.

Lockhart further argues that his legal documents were lost by an "unscrupulous paralegal company," and has filed this federal petition based on his memory and legal notes on research he has

done on other motions. (DE#12). Lockhart fails to demonstrate how the alleged loss of legal documents impeded or frustrated his ability to timely file this federal petition. Given these circumstances, the petitioner fails to show cause for the procedural default.

For the foregoing reasons, it is recommended that this petition for writ of habeas corpus be dismissed as time barred pursuant to 28 U.S.C. §2244.

Objections to this report may be filed with the District Judge within ten days of receipt of a copy of the report.

Dated: October 11, 2000

                                              _____
                                              UNITED STATES MAGISTRATE JUDGE


cc:   Jeremy Lockhart, <u>Pro Se</u>
      DC#188231
      Taylor Correctional Institution
      Route 1, Box 1086
      Perry, FL 32347

James J. Carney, AAG
Department of Legal Affairs
1655 Palm Beach Lakes Blvd., #300
West Palm Beach, FL 33401-2299