IN THE UNITED STATES DISTRICT COURT
IN AND FOR SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

JEREMY LOCKHART,
Petitioner,

v.                          Case No. 00-6150-Civ-DIMITROULEAS
                            MAGISTRATE JUDGE SORRENTINO

MICHAEL W. MOORE,
Respondent.

_____/

## PETITIONER'S OBJECTION TO REPORT RE DISMISSAL
### §2254 PETITION AS TIME BARRED

COMES NOW the Petitioner, Jeremy Lockhart, a State prison
inmate proceeding in proper person pursuant to 28 U.S.C. § 2254
and all other authority provided and moves this Honorable Court
to grant all relief sought herein and specifically objects to
this court's report re dismissal §2254 petition as time barred
in that Petitioner invokes numerous exceptions to procedural bar
that apply to the instant case and as such, this Honorable Court
should allow the instant case to proceed for a determination on
the merits and in support thereof provides the following facts,
matters, and law:

On October 11, 2000, this Honorable Court issued its
"REPORT RE DISMISSAL §2254 PETITION AS TIME BARRED" with the
caveat on page six that Petitioner shall be afforded "Objections
to this report may be filed with the District Judge within ten
days of receipt of a copy of the report." Petitioner's receipt
of the report per prison incoming legal mail log was October 16,
2000, and this "OBJECTION" timely follows.



As a preliminary matter, Petitioner respectfully submits this Honorable Court should view the pleadings under less stringent standards as they apply to any alleged procedural defect the Respondent might allege or allude as pro se lay inmate litigants must be held to less stringent standards than lawyers as a matter of law. **Code v. Montgomery**, 725 F.2d 1316 (11th.Cir.1984); **Haines v. Kerner**, 404 U.S. 519, 92 S.Ct. 594 (1972); **Boag v. MacDougal**, 454 U.S. 364, 102 S.Ct. 700 (1982); **Hughes v. Rowe**, 449 U.S. 5, 101 S.Ct. 173 (1980).

Further, the Florida Department of Corrections (FDOC) entire legal assistance program, i.e., law library system has been judicially determined to be inadequate as a matter of law with a long-standing injunction against the FDOC holding that, "the entire FDOC law library program failed. to ensure constitutionally required meaningful access to the courts." **Hooks v. Wainwright**, 578 F.2d 1102,1103 (5th.Cir.1978); **Hooks v. Wainwright**, 536 F.Supp. 1330,1331 (M.D.Fla.1982).

Moreover, Petitioner contends this Honorable Court should consider any alleged procedural defect excused based on the fundamental miscarriage of justice exception to a procedural bar which is created when a Petitioner puts forth a cognizable claim of "actual innocence" as the Petitioner has maintained his innocence of the actual crime charged in the case at bar consistently since the very first day of his arrest in the instant case. **Sawyer v. Whitely**, 112 S.Ct. 2514 (1992); **Johnson**

2

v. Singletary, 938 F.2d 1166 (11th.Cir.1991); Schlup v. Delo, 115 S.Ct. 851 (1995). Petitioner is asserting a claim of "actual innocence" and "fundamental error" which may be raised at any juncture of the judicial process. Steinhurst v. State, 412 So.2d 332 (Fla.1982); Nobles v. State, 353 So.2d 819 (Fla.1977); Davis v. Zant, 36 F.3d 1538 (11th.Cir.1994); Brooks v. Kemp, 762 F.2d 1383 (11th.Cir.1985).

The instant case is no less compelling in that the Petitioner contends it is well settled when an error concerns a crucial, critical, and highly significant factor which goes to the foundation of fundamental fairness, denial of relief cannot be had. Osborne v. Wainwright, 720 F.2d 1237 (11th.Cir.1983); Hall v. Wainwright, 733 F.2d 766,770 (11th.Cir.1984). More recently, in Snowden v. Singletary, 135 F.3d 732 (11th.Cir.1998), the Eleventh Circuit held that a "miscarriage of justice" will occur where there is a denial of fundamental fairness such as has occurred in the instant case.

It has long been held that when an alleged procedural bar appears in a habeas proceeding, relief must be granted upon a showing of cause for the default and actual prejudice as a result of the alleged violation or that failure to consider the claims will result in a fundamental miscarriage of justice. Coleman v. Thompson, 501 U.S. 722, 111 S.Ct. 2546 (1991); Wainwright v. Sykes, 433 U.S. 72, 97 S.CT. 2497 (1977); Ylst v. Nunnemaker, 501 U.S. 797, 111 S.Ct. 2590 (1991).

The Petitioner at bar advances the fact that he was denied adequate access to the courts Hooks v. Wainwright, supra, as cause and that prejudice is axiomatic in that Petitioner suffers with a sentence of imprisonment for a crime of which Petitioner has always and consistently maintained a cognizable claim of actual innocence of the crime charged, which if denial of relief is had, would result in a fundamental miscarriage of justice as envisioned in Coleman, Sykes, and Ylst. As a result, Petitioner submits that this Honorable Court should consider all of the claims for relief Petitioner has raised via his habeas petition as in good standing for review by this Honorable Court.

Furthermore, the Petitioner contends it is well settled that a showing of interference by state officials is one of many ways in which a defendant/petitioner may be excused for a procedural default. Francis v. Rison, 894 F.2d 353 (9th.Cir.1990). The court in Francis vacated and remanded based on a showing of interference by officials which is one of the ways in which a habeas petitioner may be excused for a procedural default. Oregon v. Ex Rel. Sherwood v. Gladden, 240 F.2d 910 (9th.Cir.1957); Hughes v. Idaho State Board of Corrections, 800 F.2d 905 (9th.Cir.1986). Petitioner submits the doctrine of interference applies to the case at bar as well as the FDOC's failure to provide meaningful access to the courts as a result of an inadequate law library system. Moreover, interference was clearly manifested in the instant case by virtue of the deliberate destruction of law books containing the AEDPA provisions by the institutional law librarian.

4

Under Townsend v. Sain, 372 U.S. 293 (1963), caselaw construing relevant provisions of superseded section 28 USC § 2254(d), and the terms of the new presumption of correctness provision that supersedes former section 2254(d), the court must grant a hearing or alternative procedure to resolve factual disputes if the determinations of fact made by the state courts are for some reason inadequate. A state court fact determination is inadequate and a federal hearing is required if, although the state trier of fact purported to make findings of fact, those findings are insufficiently historical (as opposed to conclusional or legal), specific, considered, or comprehensive to relieve the federal court of the responsibility to make its own independent factual inquiry because the state court determination is not a finding of historical fact, but instead a legal "mixed factual-legal" conclusion. Thompson v. Koehane, 516 U.S. 99, 108 (1995); Schiro v. Farley, 510 U.S. 222, 232 (1994).

Pursuant to Townsend v. Sain, supra, the district court must grant a hearing or alternative procedure to resolve controverted factual questions whenever the state court made "no express [i.e., written] findings of fact" and it is not "possible for the district court to reconstruct the findings of the state trier of fact, ... because his view of the facts is [not] plain from his opinion or [from other written] indicia." Townsend, supra, 372 U.S. at 314, 320; Accord, e.g., Purkett v. Elem, 514 U.S. 765, 769 (1995)[no deference due to state court conclusion if state court failed to make finding on determinative issue];

Ford    v.  Wainwright,  477  U.S.  399,  411  (1986);  Goodwin  v. Johnson,  132 F.2d 162, 182 (5th.Cir.1998).

Superseded section § 2254(d) withheld - and an analogous portion of the superseding statute appears to continue withholding - the presumption of correctness in analogous circumstances. Under common law applying this Townsend factor or construing the analogous provision of superseded section § 2254(d), the "reconstructed finding" exception pursuant to Minnesota v. Dickerson, 508 U.S. 366, 377-39 (1993) does not apply unless the state court has denied the party's claim in a written form and in circumstances that, notwithstanding the absence of findings, allow the federal court conclusively to determine that the state courts rejected the party's factual allegations, not his legal theories. Cave v. Singletary, 971 F.2d 1516 (11th.Cir.1992). Even if these requirements are met, reconstruction is not appropriate when:

> (1)   The   so-called   facts   and   their constitutional significance [are] so blended that they cannot be severed in consideration. Rogers v. Richmond, 365 U.S. 534,536 (1963).

> (2) The issue of law presents a difficult or novel  problem  for  decision,  so  that  the outcome reached by the state courts does not clearly    imply    an    identifiable    fact determination. Green v. Zant, 715 F.2d 551, 558 (11th.Cir.1983).

> (3) The facts do not support the findings, or the factual issues are sufficiently complex that there is more than one possible factual basis for a decision. Parker v. Dugger, 498 U.S. 308, 316 (1991).

> (4) The state record does not rule out facts

6

the party alleges. Weidner v. Thieret, 932
F.2d 633 (7th.Cir.1991).

(5) Any implicit finding is ambiguous because
it was made by a jury based on instructions
that allowed the jury to reach the verdict it
did without adopting the factual theory to
which deference is sought. Jackson v. Denno,
378 U.S. 386-88 (1964).

(6) The state court may have applied the
wrong legal standard. Kyles v. Whitley, 514
U.S. 419, 414 (1995); Minnesota v. Dickerson,
508 U.S. at 383 (1993).

(7) The state court did not hold an
evidentiary hearing, and the facts could not
properly be found without a hearing. Greene
v. Georgia, 117 S.Ct. 578 (1996); Tiller v.
Esposito, 911 F.2d 575, 578 (11th.Cir.1990).

The United States Supreme Court upheld and superseded
Townsend with Keeney v. Tamayo-Reyes, 504 U.S. 1 (1992) which
modified Townsend in only one significant context, i.e.,
elimination of the "deliberate bypass" standard which otherwise
required an evidentiary hearing on all material facts not
addressed in state courts with the exception of those
deliberately bypassed by a petitioner, in favor of a showing of
excusable default because there is "cause" for and "prejudice"
from the failure to present the evidence in state court, or the
petitioner shows that the denial of a hearing will result in a
"fundamental miscarriage of justice" because there is a
probability that the petitioner is innocent of the crime of which
he was convicted. AEDPA thus supersedes Tamayo-Reyes which
substantively adopted and superseded Townsend governing
evidentiary hearings. AEDPA leaves entirely intact the portion
of Townsend that Tamayo-Reyes also previously had left intact

7

-governing evidentiary hearings on facts that the state or the state courts are responsible for not having developed in state court, e.g., because the state court suppressed evidence or the state court improperly denied a subpeona or hearing to develop facts that the petitioner conscientiously proffered. See, e.g., Cardwell v. Greene, 152 F.3d 331, 337-38 (4th.Cir.1998)["We join four of our sister circuits in holding that where an applicant has diligently sought to develop the factual basis of a claim for habeas relief, but has been denied the opportunity to do so by the state court, § 2254(e)(2) will not preclude an evidentiary hearing in federal court... An applicant 'fails' to develop the evidence supporting a claim only if he or she relinquishes an opportunity to introduce evidence or neglects to seek such an opportunity... Section 2254(e)(2) should not be interpreted to allow a state court to deny a petitioner meaningful review of a federal claim by refusing to permit development of the factual record at the factual record at the state level."]; McDonald v. Johnson, 139 F.2d 1056, 1059 (5th.Cir.1998); Burris v. Parke, 116 F.3d 256, 258 (7th.Cir.), cert.denied, 118 S.Ct. 462 (1997).

Pursuant to 28 U.S.C.A. § 2254(e)(2)(B), "innocence" is established if "the facts underlying the claim would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." This provision codifies the definition of "innocence" or "manifest miscarriage of justice" that the United States Supreme Court

8

adopted in Sawyer v. Whitley, 505 U.S. 333 (1992) and that it carefully explicated three years later - and a year before AEDPA's adoption - in Schlup v. Delo, 513 U.S. 298, 326-28 (1995). As Schlup makes clear, although the Sawyer standard is narrow, it is not as narrow as Jackson v. Virginia, 443 U.S. 307 (1979)[which requires proof that no rational trier of fact could have found the defendant guilty]. As a result, it is clear that not only case law, but the United States Congress by way of AEDPA intended to maintain fair and just treatment of cognizable claims of "actual innocence" as is claimed in the case at bar, as well as maintaining a requirement for evidentiary hearings as articulated hereinabove.

The Eleventh Circuit recently addressed the issue of mixed questions of fact and law in Freund v. Butterworth, 165 F.3d 839 (11th.Cir.1999) and in so doing stated, "Questions of law and mixed questions of law and fact mandate de novo review." Buenoano v. Singletary, 74 F.3d 1078, 1083 (11th.Cir.), cert.denied, 117 S.Ct. 520, (1996). The Freund court went on to state, "Our holding also fits squarely within the Supreme Court's growing list of issues that involve mixed questions of law and fact, that is, applications of law to historical facts." Further, considerations of comity do not obligate federal courts in habeas corpus cases to defer to state determinations on matters of federal law. The obligation of the federal judge is the opposite: to apply the proper federal constitutional standards based on the underlying facts. Id at 862

9

Petitioner submits that he has demonstrated to this Honorable Court via his Response to this court's order (DE#12) to show cause why the instant petition should not be dismissed based on a time-bar procedural defect. Petitioner submits he has amply provided herein, numerous exceptions to time-bar procedural defects which this Honorable Court should consider at this juncture and excuse any alleged defect. More specifically, Petitioner entrusted his legal files and papers to a State licensed legal services firm [Exhibit "A"] which lost all of Petitioner's file papers and documents, thus the total loss of records should be considered under a cognizable claim of "State interference" via a State sanctioned legal services firm. Further, Petitioner was deprived of legal assistance for a long period of time as a matter of law since the FDOC has a valid injunction standing for its failure to provide meaningful access to the court. Petitioner contends it is not just a matter of law, as it is also a matter of fact that the FDOC does not provide adequate assistance for access to the court where untrained and ineffective law clerks are the only conduit to court access which Petitioner has had to rely on over a long period of time due to his close management status which wholly prevents Petitioner from visiting the law library.

Petitioner is a lay litigant, untrained in matters of law which requires the most adequate assistance in order to prepare and timely submit meaningful documents to the court which has been totally impossible under the circumstances sub judice as set forth herein as well as Petitioner's response to this court's show cause order. [DE#12]. See attached Exhibits "A" to "I".

## CONCLUSION AND RELIEF SOUGHT

WHEREFORE, by rationale articulated hereinabove, amply supported by fact and law, the Petitioner, Mr. Jeremy Lockhart, respectfully asserts that he has demonstrated sufficient grounds to show this Honorable Court that he is entitled to the relief sought herein and why this Honorable Court should now grant all relief sought after conducting a full and fair plenary review of Mr. Lockhart's cognizable constitutional claims for relief and then allow the instant case to proceed for a determination on the merit of the instant claims for relief in accordance with the pleadings herein; or, any other different or further relief that this Honorable Court would deem just and proper as supported by fact and law to meet the substantive ends of fairness and justice. As a final alternative allow this action to go forward for the purpose of a full and fair evidentiary hearing on the merits in full consideration of all the facts, matters, and law as set forth herein.

Mr. Lockhart contends that the issues set forth in this collateral action rise with ease to the level of constitutional infirmities, and as such, all issues sub judice are cognizable in the instant proceeding. All claims conclusively unrebutted by the record or opposing counsel must be taken as true unless otherwise resolved by an evidentiary hearing. Anthony v. State, 660 So.2d 374, 376 (Fla.4th.DCA 1995); Davis v. State, 648 So.2d 1249 (Fla.4th.DCA 1995); Rose v. State, 617 So.2d 291, 296

11

(Fla.), cert.denied, 510 U.S. 903 (1993). Federal Courts are in accord, e.g., Townsend v. Sain, 372 U.S. 293 (1963); Stano v. Dugger, 901 F.2d 898 (11th.Cir.1990).

These pro se pleadings were prepared by a "next friend"/fellow inmate under the doctrine of Johnson v. Avery, 393 U.S. 483 (1969), for Mr. Lockhart who is a layman to the law and wholly unschooled and untrained in matters of law and as such, Mr. Lockhart seeks this Honorable Court's indulgence in viewing these pro se pleadings under less stringent standards than formal pleadings drafted by highly skilled government lawyers. Haines v. Kerner, 92 S.Ct. 594 (1972); Code v. Montgomery, 725 F.2d 1316 (11th.Cir.1984); Boag v. MacDougal, 102 S.Ct. 700 (1982).

Mr. Lockhart moves this Honorable Court for a full evidentiary hearing with appointment of counsel to represent him in the instant action and on appeal from any adverse decision by this Honorable Court and in any other trial court appearance which is critical to the fair administration of justice. Michigan v. Jackson, 106 S.Ct. 1404 (1986).

Respectfully submitted by:

Jeremy Lockhart, Petitioner, Pro Se

### UNNOTARIZED OATH

UNDER PENALTIES OF PERJURY, I hereby declare that I have read the foregoing document and that the facts stated in it are true.
Respectfully submitted by:

_____ DATE: /0 - 24 Oci
Jeremy Lockhart, Petitioner, Pro Se

12

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has been furnished via First Class Mail to: James J. Carney, AAG, Dept. of Legal Affairs, Office Attorney General, Suite 300, 1655 Palm Beach Lakes Blvd., West palm Beach, FL 33401-2299 by depositing the foregoing papers in the hands of prison officials for mailing on this $24^{\underline{th}}$ day of October, 2000.

Jeremy Lockhart 188231   G4
Taylor Correctional Institution
P.O. Box 1728
Perry, Florida 32348-7728

13

IN THE UNITED STATES DISTRICT COURT
IN AND FOR SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

JEREMY LOCKHART,
      Petitioner,

v.                           Case No. 00-6150-Civ-DIMITROULEAS
                             MAGISTRATE JUDGE SORRENTINO

MICHAEL W. MOORE,
      Respondent.

_____/

APPENDIX INDEX

EXHIBITS

"A" - Letter, Madry, Powell, & Assoc., 6/16/99

"B" - Money Order Receipt, $500.00, 7/4/99

"C" - Letter, Maddry, Powell & Assoc., 9/10/99

"D" - Inquiry, U.S. Postal Inspector, 2/1/00

"E" - Response, U.S. Postal Inspector, 2/8/00

"F" - Letter, Better Business Bureau, 12/6/99

"G" - Response, Better Business Bureau, 12/10/99

"H" - Inmate Request, 7/8/99

"I" - Inmate Request, 7/22/99

14

Wm A. Maddry
Paralegal
Appellate Law
Criminal Law

Jean Maddry
Research Specialist
Admin Secretary
Invest Security Coordinator

Charles A. Powell
Attorney at Law
Civil
Corporate Law

Litigation
Federal vs State
Family Law

## MADDRY, POWELL AND ASSOC.

When the law doesn't work.....We work for you!

June 16, 1999

Mr. Jeremy Lockhart B-188231
Washington Correctional Inst.
4455 Sam Mitchell Rd. F-3207
Chipley, FL  32428

Re: Correspondence received June 15, 1999

Dear Mr. Lockhart;

I would like to thank you for writing Maddry, Powell and Assoc. My name is Jean and I am the Research Specialist and Accounts Manager. I am enclosing the proper forms and information needed for us to assist you. We will be glad to help you, please read all the paperwork and be sure you understand it. We are only in this to help you but we do have to pay our expenses also.

If you choose to hire our firm, please sign all the forms and return them with any information and paperwork that we will need for your case. Also if you have a family member or friend we can list on the contract. I have enclosed a release of information form to be completed in the event we need to obtain records for you.

After I receive the forms I will sign them and make a copy for your records. We must have a $500.00 retainer to start. We do keep a record of all work, and expenses for your case in the event you no longer want or need our services. At that point we bill you only for what we have done. When your account gets to $2,000.00 we stop all timekeeping, unless we have unforeseen expenses i.e. travel expense, investigation, etc., or something of that nature. Then when you win you law suit that is when we collect a percentage that is listed in your paperwork. If you need to set-up payments for the $2,000.00 please let me know and we can make arrangements for that.

Keep in mind any records that you would like for us to keep (safe keeping) for you, will remain yours, as well as anything you send us.

Lockhart
June 16, 1999
Page 2

$\angle \lambda. \wedge$

We do not charge you anything for holding things for you either.  A
you know things have away of walking away or being damaged.

Besure and check all of your letters from our office at the bottom
left you will find 4 numbers (date) a- then the letter number i.e.
as mentioned this would be letter dated June 16 and your first letter.
This way if you ever miss a number let me know and i can reprint it and
send it to you. Letters have a way of not making it to you.

Thank you again for your inquire.  I look forward to hearing from
you and as soon as we get proper paper work and funds, we will get to
work on your case.

Sincerely

Jean Maddry

Jean Maddry
Research Specialist

SJM/clh

enc. statement of rights
     agreement to assist
     pamphlet
     questions & answers
     release of information

P O BOX 752~ TAYLORSVILLE NC 28681-0752 ~ 828-635-1333 ~Fax 828-635-8333~ E-mail~madpow@AOL COM

0616-0001





PO Box 752

Taylorsville, NC 28681

**MADDRY, POWELL AND ASSOC.**

828-635-1333

Fax 828-635-8333

When the law doesn't work    We work for you!

E-mail madpow@aol.com

Our Staff

C. A. Powell

W. A. Maddry

S. J. Maddry

September 14, 1999

Jeremy Lockhart #188231
Washington Correctional Inst.
4455 Sam Mitchell Dr.
Chipley, FL   32428

Dear Mr. Lockhart;

     To start, I hope this finds you doing as well as can be.   I wish
to apologize for not answering your last letter.   I will do all to
...der your question at this time.

     It appears that the court has never directly dealt with the
grounds that you have already filed on plus; I have found a few new
grounds to file on, at this time I am working on a new motion to file
with the courts that hopefully will get you the relief that you
deserve.   I will try to keep you up to date as to what I am doing
from here on out.

          Don't let the chain of love end with you.......

                              Sincerely,

                              William Maddry

                              William Maddry

2-1-00

Dear U.S. Postal Inspection Ser.    D

I'm writing in regards to a complaint I made to the U.S. postal Inspection office in Tampa Florida. However, it was forwarded to your office, because of the location of the "unscrupulous" paralegal company, I made the complaint about is located in North caroline

I am now Inquiring to know the progression or any transaction in this matter. Also I'm enclosing a copy of one of the money order's receipts, my wife is trying to locate the other receipt. Also enclosed is a sworn affidavit. Please inform me of any proceeding in this matter.

Sincerely
Mr. Jereny Tockhat

RECEIVED US POSTAL
INSPECTION...

_E_



UNITED STATES POSTAL INSPECTION SERVICE

MID-ATLANTIC DIVISION

February 8, 2000

Mr. Geremy Lockhart
Taylor Correctional Institution
P.O. Box 1728
Perry, FL 32348

Dear Mr. Lockhart:

This is in reference to your letter of February 1, 2000 which has been received by this Service. A fraud form should have been sent to you and/or your wife, Katrina Locklear in response to your previous letter. In the event you did not receive this form, a form and envelope are enclosed for this purpose. Please fill out the fraud form and enclose any pertinent documents (copies of all checks, money orders, copies of agreements made between parties, receipts, etc.) in the return envelope. Please keep a copy of the address on the mailing envelope for the fruad form in the event you need to contact the fraud office again.

Any time a consumer has paid for services he or she did not receive, a complaint of this type can be filed with the Better Business Bureau in the state in which the offense(s) occurred and a Postal Inspection Service office. We are not a device for getting funds returned to the victim, but our Fraud Department does contact the service provider and ask that they conclude their business with the complainants. If they refuse to do this, complaints are collected and reviewed as to whether Inspection Service involvement is necessary.

The below information is provided for additional information regarding mail at facilities.

The Postal Inspection Service has authority to investigate violations of law relating to the mails which includes the unlawful opening, delaying, or otherwise interfering with mail. However, there are specific regulations that apply to prison mail, and prison officials' authority to open mail of inmates. The following may give you a better understanding of regulations that apply to your mail.

OUTGOING MAIL (Letters and Parcels sent by Inmates)

Prisoner correspondence is not "mail" until it is deposited into the custody of the Postal Service. Your prison mailroom is operated by institutional authorities; consequently, the letters and packages that you deposit with that unit do not become "mail" until the items are accepted by the local post office.

P. O. Box 3000
CHARLOTTE NC 28229-3000
TELEPHONE: 704-329-9120
FAX: 704-357-0039

INCOMING MAIL (Mail addressed to Inmates)

Section DO42.5.1 of the Domestic Mail Manual reads:

"Mail addressed to a patient or inmate at an institution is delivered to the institution authorities. If the addressee is no longer at that address, the mail must be redirected to the current address, if known, or endorsed appropriately and returned by the institution to the post office.

Section 274.96 of the Administrative Support Manual reads:

"Authorized personnel of prisons, jails, or other correctional institutions, under lawful rules and regulations, may open, examine, and censor mail addressed to an inmate of the institution, if the inmate-addressee consents to receive his or her mail at the institution through the institutional authorities. If the inmate does not consent, the personnel may either deliver the inmate's mail to the inmate unopened, or return it to the post office unopened, or return it to the post office unopened and marked "Refused". An inmate may designate in writing an agent outside the institution to receive his or her mail, either through an authorized address of the agent, if the mail is so addressed, or at the delivery post office serving the institution, if the mail is addressed to the inmate at the institution."

The Postal Service fulfills its obligation when it effects delivery to institutional authorities. Records of delivery are kept only for Registered, Certified, Numbered Insured or COD mail. You can report the loss of any mail (accountable or ordinary) by initiating a Form 1510, Mail Non-Delivery Report. These forms should be available at your prison mailroom; however, if they are not, the prison authorities can obtain blank forms from the local post office.

As noted above, our obligation for delivery ends with the proper delivery to the institution. Any subsequent handling falls under the purview of the Federal Bureau of Prisons or the N.C. Department of Corrections whose addresses are:

> U.S. Department of Justice
> Federal Bureau of Prisons
> Community Corrections Manager
> 310 New Bern Ave. Room 303
> P.O. Box 27743
> Raleigh, NC 27611-7743

> Director
> N.C. Department of Corrections
> 831 W. Morgan Street
> Raleigh, NC 27603-1658

Consequently, if you believe your mail is being mishandled by prison officials, I suggest you pursue this matter administratively through the Department of Corrections.

Sincerely,

A. J. Crawford
Inspector in Charge

cc: Warden

**BBB**

**Denver/Boulder Better Business Bureau**
1780 South Bellaire Street, Suite 700
Denver, Colorado 80222   303-758-8200   Fax 303-758-8321
www.denver.bbb.org      info@denver.bbb.org

December 6, 1999

JEREMY LOCKHART B-188231 (G1212)
TAYLOR CORRECTION INSTITUTE
PO BOX 1728
PERRY, FL 32348

RE: MADDLEY, POWELL & ASSOC.

Dear MR LOCKHART:

Your correspondence on the above firm has been received. However, this company or it's main office is located in the service area of the Better Business Bureau which is enclosed.

There are over 190 Better Business Bureaus in the United States and in Canada.  Each Bureau is responsible for and has contracts with the people and the companies in it's area. Therefore as a service for you, **we have forwarded your complaint/inquiry to the enclosed Bureau for their action.**

Please allow that Bureau up to 30 days for complaint processing, before contacting them.  Problems can often be resolved in less time, but not always.

If you would like to check on a company in the Denver/Metro area please call our service line at (303) 758-2100, 24 hours a day seven days a week or use our online website at: www.denver.bbb.org.

Sincerely,

*Anna Straley*

Anna M. Straley
Operations Assistant

Thank you for contacting your local Better Business Bureau (BBB).
The company you have inquired about is located outside our service
area.  For further information on this company, please contact the
following Better Business Bureau office:

> The BBB of NW North Carolina, Inc.
> 500 West 5th Street Suite 202
> Winston-Salem NC   27101-2728
>
> Phone : (336) 725-8348     (Eastern Time Zone)
> FAX   : (336) 777-3727
> URL   : www.winstonsalem.bbb.org
> E-mail: wsbbb@netunlimited.net

A BBB is a private, non-profit organization that provides
information services and programs to assist consumers and
businesses on behalf of an ethical marketplace.

Among the services BBBs provide are: business performance
information about a company, particularly whether or not there are
unanswered or unsettled complaints or other problems; information
about charities or other soliciting organizations that seek public
donations; help in resolving buyer/seller complaints against a
company, using mediation and arbitration services when appropriate;
and monitoring advertising and selling practices, seeking
corrections and improvements where appropriate.

BBBs are funded by member businesses that meet the BBB's standards
for membership and agree to support the BBB's principles of ethical
business practices and voluntary self-regulation.

**BBB** ®

**Better Business Bureau**®

500 West Fifth Street, Suite 202
Winston-Salem, NC 27101-2728

*(336) 725-8348*
*NC WATS: (800) 777-8348*
*FAX: (336) 777-3727*
*www.nwnc.bbb.org*

TO: ___Ms. Katrina Lockhart___          DATE: __December 10, 1999___

RE: Maddry, Powell & Associates

THIS LETTER IS IN REPLY TO YOUR RECENT COMMUNICATION WITH THE BETTER BUSINESS BUREAU

    XX We are sorry we cannot help you because The Better Business Bureau does not:

    ____ Provide legal services or advice (Where you have engaged or should engage an attorney).

    ____ Help break valid contracts made without fraud or misrepresentation.

    ____ Attempt to persuade merchants to grant refunds or exchanges unless there is misrepresentation or defective merchandise as defined by law.

    ____ Attempt collection of unpaid bills or relief from payments due.

    ____ Handle complaints already referred to governmental or legal agencies, or ones that have had previous judicial determination.

    XX Pass judgement on the price charged for merchandise or service

    ____ The company is no longer in business.

    ____ Present complaints over one year old unless a warranty is still in effect.

    ____ Handle salary or employment complaints.

    ____ Other

    ____ Your complaint/inquiry has been referred. Any further correspondence should be directed to the following office:

Sincerely,

Penny D. Gobble
Dispute Resolution Administrator

*Serving Northwest North Carolina Since 1960*
ALEXANDER • ALLEGHANY • ASHE • CALDWELL • DAVIDSON • DAVIE
FORSYTH • IREDELL • ROWAN • STOKES • SURRY • WATAUGA • WILKES • YADKIN

**INMATE REQUEST**

STATE OF FLORIDA
Department of Corrections
(Instructions on Back)

Mail Number _____
Team Number _____

| TO:<br>(Check One) | ☐ Superintendent<br>☐ Asst. Superintendent | ☐ Classification<br>☐ Security | ☐ Medical<br>☐ Dental | ☑ Other<br>M A I L  K OO AL |  "H" |
|---|---|---|---|---|---|

| FROM: | Inmate Name<br>Lockhart Teremy | D.C. Number<br>B-15823I | Quarters<br>F3207 | Job Assignment<br>C M - 1 | Date<br>7-6-99 |
|---|---|---|---|---|---|

**REQUEST**

MISS,

PLEASE withdraw the needed
postage needed to mail these (5) legal
Mail (5)(five) from my Account to ssina
them First Class Mail to Maddux, Dowell
& Assocs P. O. BOX 752, Taylorville IL
62681

Also please, seal all envelopes

written    Thank you !

THANK you

Teremy Lockhart

All requests will be handled in one of the following ways:   1) Written information or  2) Personal interview. All informal grievances will be responded to in writing.

———— DO NOT WRITE BELOW THIS LINE ————

**RESPONSE**                                                        DATE RECEIVED: _____

[The following pertains to informal grievances only:

Based on the above information your grievance is _____. (Returned, Denied, or Approved).

If your informal grievance is denied you have the right to submit a formal grievance in accordance with Chapter 33-29.006, F.A.C.]

| F.A.C.] | | Official (Signature) | Date |
|---|---|---|---|

Distribution:    WHITE..........Returned to Inmate
CANARY.......Returned to Inmate

PINK......Retained by Official Responding or, if the
response is to an informal grievances then forward to be
also placed in inmate's file

DC2-005 (9-98)

**INMATE REQUEST**

Department of Corrections     Mail Number _____

(Instructions on Back)     Team Number _____

| TO:<br>(Check One) | ☐ Superintendent<br>☐ Asst. Superintendent | ☐ Classification<br>☐ Security | ☐ Medical<br>☐ Dental  Business office | ☑ Other  I |

| FROM: | Inmate Name<br>Lockhart JEREMY | D.C. Number<br>B-188231 | Quarters<br>F3207 | Job Assignment<br>C M-1 | Date<br>7-20-99 |

## REQUEST

SIR oR MISS

     PlSASS SEND ME a ReceIpt
for the '22.60 that was withdRaw for postage
on my Legal woRk SENT out on oR About
6-17-99 .

           ThanK you!

           JEREMY Lockhart

All requests will be handled in one of the following ways: 1) Written information or 2) Personal interview. All informal grievances will be responded to in writing.

—— DO NOT WRITE BELOW THIS LINE ——

## RESPONSE

DATE RECEIVED: _____

We have no record of having
received a withdrawal from you
for. $22.60

[The following pertains to informal grievances only:]

Based on the above information your grievance is _____. (Returned, Denied, or Approved).

If your informal grievance is denied you have the right to submit a formal grievance in accordance with Chapter 33-29.006, F.A.C.]

| | Official (Signature)<br>Ungraham | Date<br>4/22/99 |

Distribution:    WHITE..........Returned to Inmate     PINK......Retained by Official Responding or, if the
           CANARY ...Returned to Inmate        response is to an informal grievances then forward to be
3-005 (9-98)                                   placed in inmate's file.