UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6150-CIV-DIMITROULEAS/SORRENTINO

JEREMY LOCKHART,
    Petitioner,

vs.

MICHAEL W. MOORE,
    Respondent.
_____/



## ORDER APPROVING REPORT & RECOMMENDATION ON FINAL ORDER DISMISSING HABEAS CORPUS AS TIME BARRED

THIS CAUSE is before the Court upon the Report and Recommendation [D.E. #15] of Magistrate Judge Charlene H. Sorrentino filed October 11, 2000. The Court notes that the Petitioner, Jeremy Lockhart, has filed on October 30, 2000, objections to the Report and Recommendation, and the Court has reviewed those objections.

The Court has conducted a *de novo* review of the report and recommendation, and is otherwise fully advised in the premises. This Court agrees with the reasoning and analysis of the Magistrate Judge that the amended petition filed pursuant to 28 U.S.C. § 2254 in this case should not be dismissed as time barred.

### TIME LINE

| | |
|---|---|
| August 17, 1995 | Convicted of Manslaughter with a Firearm |
| September 8, 1995 | Sentenced to 30 years in prison as a Violent Habitual Felon.[1] |
| March 5, 1997 | Convicted affirmed. *Lockhart v. State*, 689 So.2d 1084 (Fla. 4th DCA 1997). |

---

[1] Petitioner complains that his sentence was doubly enhanced to a maximum sentence. However, petitioner could have received a life sentence. *Minor v. State*, 707 So.2d 1184 (Fla. 3rd DCA 1998).



| | |
|---|---|
| March 21, 1997 | Mandate issued. [D.E. #14, exhibit 3, page 42].[2] |
| April 27, 1997 | Habeas Corpus filed in 4th DCA. [D.E. #14, exhibit 4, page 44]. |
| June 10, 1997 | Habeas Corpus denied. [D.E. #14, exhibit 5, page 59]. |
| July 8, 1997 | Reviewed denied by the Florida Supreme Court - no jurisdiction.[3] [D.E. #14, exhibit 6, page 61]. *Lockhart v. State*, 697 So.2d 1217 (Fla. 1997). |
| December 11, 1997 | 3.850 filed in Circuit Court (D.E. #14, exhibit 7, page 63]. |
| September 11, 1998 | 3.850 denied. [D.E. #14, exhibit 8, page 196]. |
| December 16, 1998 | Denial affirmed by 4th DCA. *Lockhart v. State*, 728 So.2d 235 (Fla. 4th DCA 1998). |
| January 4, 1999 | Petition for Jurisdiction filed in Florida Supreme Court. [D.E. #14, exhibit 11, page 207]. |
| January 5, 1999 | Mandate issued by the 4th DCA. [D.E. #14, exhibit 10, page 205]. |
| January 28, 1999 | Petition dismissed by Florida Supreme Court [D.E. #14, exhibit 12, page 209]. *Lockhart v. State*, 727 So.2d 907 (Fla. 1999).[4] |

Petitioner's one-year statute of limitations ran out because Petitioner used five (5) months of this period, from July 8, 1997, when his state habeas corpus petition became final upon the Florida Supreme court's dismissal of his state petition, until December 11, 1997, when Petitioner filed his

---

2   There was no petition filed in the Florida Supreme Court seeking review of the 4th DCA opinion. Therefore, this conviction became final ninety days later. *Cortes v. Byrd*, 211 F.3d 1225, 1226 (11th Cir. 2000).

3, 4   Arguably, the time Petitioner spent litigating petitions for review that were ultimately dismissed by the Florida Supreme Court also should not be tolled or subtracted from the one-year statute of limitations. *Freeman v. Page*, 208 F.3d 572 (7th Cir. 2000); *Weekley v. Moore*, 204 F.3d 1083 (11th Cir. 2000); *but see Smith v. Ward*, 209 F.3d 383 (5th Cir. 2000).

Florida Rules of Criminal Procedure 3.850 motion. When the denial of his 3.850 motion became final on January 28, 1999, Petitioner then waited eleven (11) months to file the instant federal petition. Thus, Petitioner used sixteen (16) months (five plus eleven) to file the instant petition, but his statutory limit was only twelve months. Finally, this Court agrees with the Magistrate Judge that Petitioner has not shown that his close management status or the alleged loss of legal documents impeded or frustrated his ability to file this federal petition. *Akins v. United States*, 204 F.3d 1086, 1089-90 (11th Cir. 2000); *United States v. Cicero*, 214 F.3d 199, 201-3 (D.C. Cir. 2000). Equitable tolling is an extraordinary remedy which is typically applied sparingly. *Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000).

Actual innocence may be an exception to the one year statute of limitations. Wyzykowski v. Department of Corrections, 226 F. 3d 1213, 1215-1219 (11th Cir. 2000). The actual innocence gateway is reserved for extraordinary cases where there is not "any juror who, acting reasonably, would have found petitioner guilty beyond a reasonable doubt." Schlup v. Delo, 513 U.S. 298, 333 (1995)(O'Connor, J. Concurring). Petitioner's conclusory allegations of actual innocence are insufficient to warrant an exception to this petition being time-barred. In his confession to Detective Walley, Petitioner admitted to shooting the victim multiple times, discarding the gun in a lake and putting his clothes in a dumpster. Petitioner admitted that he did not call the police because he knew he was going to jail. (pages 380-412 of trial transcript). Petitioner has not shown an actual innocence exception to the one year statute of limitations.

Accordingly, it is ORDERED and ADJUDGED as follows:

1.  The Magistrate Judge's Report and Recommendation [D.E. #15] is hereby **ADOPTED**;

2.  The Petition [D.E. #1] and Amended Petition [D.E. #10] in this case are hereby **DISMISSED**;

3. All other pending motions are denied as moot;

4. The Clerk of the Court shall close this case.

DONE AND ORDERED in Chambers at Ft. Lauderdale, Broward County, Florida, this _31_ day of October, 2000.

WILLIAM P. DIMITROULEAS
UNITED STATES DISTRICT JUDGE

cc:

Jeremy Lockhart, pro se
DC #188231
Taylor Correctional Institution
P.O. Box 1728
Perry, Fl 32348-7728

James Carney, AAG
Office of the Attorney General
1655 Palm Beach Lakes Boulevard, #300
West Palm Beach, FL 33401-2299